Matter of Kirby Forensic Psychiatric Facility v Karmi K.W. (2022 NY Slip Op 07153)

Matter of Kirby Forensic Psychiatric Facility v Karmi K.W.

2022 NY Slip Op 07153

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 210N/13 Appeal No. 16915-16915A Case No. 2022-02927 

[*1]In the Matter of Kirby Forensic Psychiatric Facility, Petitioner-Appellant,
v
Karmi K.W., Respondent-Respondent.

Letitia James, Attorney General, New York (Dennis Fan of counsel), and Anne T. Donnelly, District Attorney, Mineola (Michael K. Degree of counsel), for appellant.
Marvin Bernstein, Mental Hygiene Legal Service, New York (Diane G. Temkin of counsel), for respondent.

Orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 8, 2022, which, after a hearing, determined that respondent did not have a dangerous mental disorder, denied petitioner's application for a subsequent retention order for confinement of respondent in a secure facility, directed respondent's transfer to a nonsecure facility, and directed respondent to comply with an inpatient order of conditions in conjunction with the transfer order, unanimously reversed, on the law and the facts, without costs, and the application granted to the extent of continuing respondent's retention in a secure facility through April 27, 2023.
Petitioner established by a preponderance of the evidence that respondent continues to suffer from a dangerous mental disorder, as defined in CPL 330.20(1)(c), requiring confinement in a secured facility (see Matter of Carpinello v Floyd A., 23 AD3d 179, 182 [1st Dept 2005]), as opposed to a mental illness, as defined in CPL 330.20(1)(d), requiring confinement in a nonsecure facility. The unrebutted expert testimony offered by petitioner establishes that respondent suffers from a dangerous mental disorder(Matter of Jamie R. v Consilvio, 17 AD3d 52, 62 [1st Dept 2005, affd 6 NY3d 138 [2006]; Matter of State of N.Y. Off. of Mental Health v Jared C., 115 AD3d 437, 437-438 [1st Dept 2014]). Respondent continues to deny the seriousness of the underlying offense and avoids responsibility for his actions in his attempted strangulation of his then-girlfriend after she refused his sexual advances. He lacks insight into his condition or the risks that could lead to repeated offenses (Matter of Kirby Forensic Psychiatric Facility v Sammy M., 199 AD3d 485 [1st Dept 2021]).
Although it appears that respondent has shown improvement in certain areas such as being more compliant with his medication and not becoming violent during his most recent retention period at the secure facility, his brief improvement within a secure psychiatric institution does not establish that he no longer poses a danger to himself or others and should be placed in a nonsecure facility (Matter of George L., 85 NY2d 295, 305 [1995]). Furthermore, he continues to suffer from paranoid and persecutory delusions, as reflected not only in the testimony of petitioner's expert witness and corroborated by the medical history, but respondent's testimony as well. Accordingly,
the court's findings are "unsupported by any fair interpretation of the evidence" (Jared C., 115 AD3d 437, 437 [1st Dept 2014], citing Matter of Consilvio v Alan L., 7 AD3d 252 [1st Dept 2004]). As the most recent subsequent retention order was through April 27, 2022, his retention should continue in a secure facility for one year, to April 27, 2023.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022